UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Guadalupe Garcia and Juan Garcia,** <br><br> Plaintiffs, <br><br> v. <br><br> **Southern Dental at Spring Branch, PLLC,** <br><br> Defendant. | Case No.    4:21-cv-434 <br><br><br> Complaint and Demand for Jury Trial |

## COMPLAINT

**Guadalupe Garcia and Juan Garcia** (Plaintiffs), by and through their attorneys, **Kimmel & Silverman, P.C.**, allege the following against **Southern Dental at Spring Branch, PLLC** (Defendant):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Texas.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

1

## PARTIES

5. Plaintiffs are each a natural person residing in Houston, Texas 77087.

6. Plaintiffs are each a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with a principal place of business, head office, or otherwise valid mailing address at 1459 Wirt Road, Houston, Texas 77055.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiffs visited Defendant's office location in 2016 for routine dental work.

11. During these visits, Platxsd intiffs were required to complete certain forms to obtain dental work, including an Agreement to Receive Electronic Communication. See Exhibit "A."

12. Plaintiffs understood that this form was to communicate with them regarding their appointments on those dates, but not to solicit them for future services.

13. Plaintiffs did not consent to telemarketing communications from Defendant.

14. The form failed to provide disclosures and language required by FCC Order 12-21. See https://docs.fcc.gov/public/attachments/FCC-12-21A1.pdf.

15. Noticeably missing was a clear and conspicuous disclosure that Plaintiffs authorized Defendant to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice.

16. The form also failed to note that Plaintiffs were not required to sign the form as a condition of purchasing any property, goods, or services.

17. Despite its failure to provide these required notices, following this visit Defendant initiated automated telephone calls and text messages to Plaintiffs on their personal cellular telephone numbers for telemarketing purposes.

18. Defendant placed these calls and transmitted these text messages using an automatic telephone dialing system.

19. Defendant's calls and text messages were not made for "emergency purposes."

20. Plaintiffs have been on the Do Not Call Registry since May 20, 2016.

21. Defendant's incessant calls and text messages were bothersome, disruptive and frustrating for Plaintiffs to endure.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

23. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

24. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendant initiated multiple telephone calls to Plaintiffs' cellular telephone number using an automatic telephone dialing system.

24. The dialing system used by Defendant to call Plaintiffs' cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25. The dialing system used by Defendant to call Plaintiffs has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26. Defendant's calls were not made for "emergency purposes."

27. Defendant's calls to Plaintiffs' cellular telephones without any prior express consent.

28. Defendant contacted Plaintiffs despite the fact that Plaintiffs have been on the Do Not Call Registry.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

33. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34. Defendant contacted Plaintiffs despite the fact that Plaintiffs have been on the Do Not Call Registry.

35. Defendant called Plaintiffs on two or more occasions during a single calendar year despite Plaintiffs registration on the Do Not Call list.

36. D'efendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of harassing Plaintiffs.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiffs have suffered the losses and damages as set forth above entitling Plaintiffs to an award of statutory, actual and trebles damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

39. Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

40. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

41. Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiffs without obtaining a registration certificate from the Office of the Secretary of State.

42. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**Wherefore**, Plaintiffs, **Guadalupe Garcia and Juan Garcia,** respectfully pray for judgment as follows:

   a. All actual damages Plaintiffs suffered (as provided under 47 U.S.C. § 227(b)(3)(A)) and §302.302 of the Texas Business and Commerce Code;

   b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)

g. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

h. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to §302.302(a) of the Texas Business & Commerce Code;

i. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiffs, **Guadalupe Garcia and Juan Garcia,** demands a jury trial in this case.

Respectfully submitted,

Dated: 02/09/2021

By: *s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: aginsburg@creditlaw.com